IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

**RAIZA NEGRÓN-LÓPEZ,**

    **Plaintiff,**

    v.                                                                          Civil No. 11-1664 (GAG)

**SPECIAL CARE PHARMACY**
**SERVICES, INC., et. al.,**

    **Defendants.**

**OPINION AND ORDER**

    Plaintiff Raiza Negrón-López ("Plaintiff" or "Negrón") filed this action on July 11, 2011 against Special Care Pharmacy Services, Inc. ("Pharmacy Services"), Special Care Services, Inc. ("Care Services") and Special Care Infusion Center, Inc. ("Infusion Center") (collectively "Defendants"), alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, P. R. Law No.100 of June 30, 1959, P.R. Laws Ann. tit. 29, §§146 *et seq.*, P.R. Law No. 45 of April 18, 1935, P.R. Laws Ann. tit. 11, §§7 *et seq.*, P.R. Law No. 17 of April 22, 1988, P.R. Laws Ann. tit. 29, §§155, P.R. Law No. 69 of July 6, 1985, P.R. Laws Ann. tit. 29, §§1321, *et seq.*, and P.R. Law No. 80 of May 30, 1976, P.R. Laws Ann. tit. 29, §185. (See Docket No. 17.) Plaintiff seeks redress for sex and pregnancy discrimination, hostile work environment and retaliation that led to the unlawful termination of her employment. (See Docket No. 17 at 1.) Plaintiff also seeks redress for Defendants' violations to the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), 29 U.S.C. §§ 1161-1168. (See id.)

**I.     Factual and Procedural Background**

    Plaintiff was employed by Pharmacy Services as a receptionist. (See Docket No. 17 at 3.) In the first week of March, 2010, Plaintiff became aware of her pregnancy and immediately notified

**Civil No. 11-1664 (GAG)**                                         2

her supervisors and co-workers. (See id.) Negrón, claims to have performed her functions and duties in an excellent manner, and claims never to have received any warnings prior to her notifying her employer of her pregnancy. Plaintiff alleges, once she gave notice of her pregnancy, Defendant's top officers and supervisors began a harassment and discriminatory campaign against her. (See Docket No. 17 at 3.)

To support her claims of harassment and discrimination, Plaintiff alleges her supervisor, Coraly Pérez ("Pérez"), constantly made derogatory and discriminatory comments with regards to her pregnancy. (See id.) Supposedly, as soon as Pérez became aware of Plaintiff's pregnancy Pérez assigned her to cover the weekend shifts at Defendants' facilities located in Mayagüez, even though she lived in San Juan and she claims to have never been asked to work outside Defendant's offices in San Juan prior to announcing her pregnancy. (See Docket No. 17 at 3-4.) Plaintiff explained to her supervisor that it was difficult for her to travel given her pregnancy, especially for a 7:00 AM shift. (See Docket No. 17 at 4.) Plaintiff claimed that Pérez responded by saying the pregnancy was not her problem and that if she refused to travel to Mayagüez, she would be fired. (See id.) Plaintiff alleges her supervisor criticized her performance for false and unjustified reasons. (See id.) Plaintiff complained to Defendant's top officers about the harassment and discrimination taken against her, however, Plaintiff asserts Defendants never conducted an investigation nor took any corrective action. (Id.) In fact, within days of her complaint, on March 23, 2010, her employment was terminated without justification. (Id.) While employed by Defendants, Plaintiff participated in Defendants' health insurance plan.  Since being terminated, Defendants have failed to inform Plaintiff about her rights and obligations under COBRA. (Id.)

On July 11, 2011, Negrón filed a civil action against her employer, Pharmacy Services, requesting a jury trial for discrimination on the basis of her sex and pregnancy, and for damages caused due to a hostile work environment. (See Docket No. 1.) Plaintiff amended her complaint to include Care Services and Infusion Center, claiming that all corporations are in fact a single employer. (See Docket No. 17 ¶ 1.) Plaintiff argues the businesses are a single employer for

**Civil No. 11-1664 (GAG)**                                                 3

purposes of the present suit.

 Presently before the court is a motion to dismiss, filed by Pharmacy Services (Docket No. 24). The motion argues the amended complaint (Docket No. 17), which claims Defendants were a single employer fails to state a plausible claim and that its allegations regarding lack the factual specificity required by Bell Atlantic v. Twombly, 550 U.S. 544 (2007). Plaintiff opposed the motion to dismiss (Docket No. 27). Defendants filed a reply to the opposition to dismiss (Docket No. 36.)

 **II. Standard of Review**

 "The general rules of pleading require a short and plain statement of the claim showing that the pleader is entitled to relief." Gargano v. Liberty Intern. Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009) (citations omitted) (internal quotation marks omitted). "This short and plain statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (quoting Twombly, 550 U.S. at 555).

 Under Rule 12(b)(6), a defendant may move to dismiss an action against him for failure to state a claim upon which relief can be granted. See FED.R.CIV.P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. The court must decide whether the complaint alleges enough facts to "raise a right to relief above the speculative level." Id. at 555. In so doing, the court accepts as true all well-pleaded facts and draws all reasonable inferences in the plaintiff's favor. Parker v. Hurley, 514 F.3d 87, 90 (1st Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]' -'that the pleader is entitled to

**Civil No. 11-1664 (GAG)**                                        4

relief.'" Iqbal, 129 S. Ct. at 1950 (quoting FED.R.CIV.P. 8(a)(2)).

### III. Legal Analysis

"Ordinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." Alt. Energy, Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 570). Generally, in the context of a Rule 12(b)(6) motion, any consideration of documents not attached to a complaint, or not expressly incorporated therein, is forbidden, unless the proceeding is properly converted into one for summary judgment under FED.R.CIV.P. 56. See Lynch v. Bd. of State Exam'rs of Electricians, 218 F. Supp. 2d 3, 7 n. 7 (2007). [C]ourts have made narrow exceptions for documents the authenticity of which are not disputed by the parties; for official public records, for documents central to plaintiffs' claim, or for documents sufficiently referred to in the complaint." See id. (citing Romani v. Shearson Lehman Hutton, 929 F.2d 875, 879 n.3 (1st Cir. 1999)).

In this case Plaintiff argues Defendants are a single employer and asks the court to examine documents outside of the complaint. The court cannot engage in such an examination. See Lynch, 218 F. Supp. 2d at 7. The amended complaint, in its current form, is devoid of allegations of that Defendants are a single employer. It is necessary for the complaint to include a factual basis upon which the court can determine whether Defendants are a single employer. Such factual basis must go beyond the mere legal conclusion that Defendants are a single employer.

### IV. Conclusion

Therefore, the court orders Plaintiff to file a Second Amended Complaint on or before April 2, 2012. Defendants may re-file their motion to dismiss on or before April 9, 2012 and Plaintiff may file any opposition thereto on or before April 16, 2012. Because all parties are aware of the issues,

**Civil No. 11-1664 (GAG)**                              5

the briefs should include all arguments and no reply or surreply shall be allowed.  Defendants motion to dismiss (Docket No. 24) is **DENIED**.

       **SO ORDERED.**

In San Juan, Puerto Rico this day of March 26, 2012.

*s/Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge